UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES FONTENOT                                    CIVIL ACTION

VERSUS                                              NO: 12-2057

DIXON                                               SECTION: "H"(2)

## ORDER AND REASONS

Before the Court are the following two motions: (1) Motion for Default Judgment (R. Doc. 7) filed by Plaintiff Charles Fontenot; (2) Motion to Set Aside Default (R. Doc. 13) filed by Defendant Allen Dixon. For the following reasons, the Motion to Set Aside Default is GRANTED. Since the factual predicate for a default judgment no longer exists, the Motion for same is DENIED AS MOOT.

## BACKGROUND

This dispute arises out of an alleged wrongful eviction. Plaintiff avers that Defendant has denied him access to his usual domicile by installing new locks, thereby forcing Plaintiff to seek alternative accommodation. Plaintiff further avers that he did not receive a legal notice of eviction.

1

Plaintiff seeks money damages in the amount of $10,000 per day, commencing retroactively from the day of the alleged eviction—July 30, 2012.

Plaintiff filed his Complaint on August 10, 2012 (R. Doc. 1), and Defendant was served on October 2, 2012 (R. Doc. 5). Defendant's Answer was therefore due by October 23, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On November 13, 2012, Plaintiff moved for entry of default (R. Doc. 6) and default judgment (R. Doc. 7). The Clerk of Court entered the default on November 14, 2012. (R. Doc. 8.) Defendant answered the Complaint on the same day. (R. Doc. 9.) Defendant filed a Motion to Set Aside Default on November 26, 2012 (R. Doc. 13), which Plaintiff has failed to oppose.

## LEGAL STANDARD

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 277 F.3d 290, 292 (5th Cir. 2000). These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). In deciding a Rule 55(c) motion, this Court is mindful that default judgments are generally disfavored by the law and that any doubt should be

resolved in favor of the movant. *See Lacy*, 277 F.3d at 292.

**LAW AND ANALYSIS**

For the following reasons, the Court grants Defendant's Motion to Set Aside Default. First, the Court cannot conclude on the record before it that Defendant's default was wilful or in bad faith. Second, since this litigation is in its early stages, Plaintiff will not suffer prejudice if the default is set aside. Third, Defendant appears to have a meritorious defense as the owner of Plaintiff's former domicile allegedly opposes Plaintiff's possession of *any* of her property. (R. Doc. 13-3 ¶15) (emphasis added). Fourth, Defendant acted expeditiously in moving to correct the default by answering the Complaint on the same day default was entered. To be sure, Plaintiff alleges severe economic harm, which militates in favor of denying the instant Motion. However, this factor is not sufficient by itself to overcome the law's preference for a trial on the merits.

**CONCLUSION**

For the reasons previously stated, the Motion to Set Aside Default is granted and the Motion for Default Judgment is denied as moot.

New Orleans, Louisiana, this 21st day of December, 2012.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**