UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES FONTENOT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2057** |
| **DIXON** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration (R. Doc. 21) filed by *pro se* Plaintiff Charles Fontenot. For the following reasons, the Motion is DENIED.

### BACKGROUND

On December 27, 2012, this Court granted Defendant's Motion to Set Aside Default. (R. Doc. 15.) Plaintiff filed the instant Motion for Reconsideration on February 27, 2013. (R. Doc. 21.) Although this Court granted his request for an extension of time to respond (R. Doc. 28), Defendant has not opposed the instant Motion.

1

**LEGAL STANDARD**

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2001) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Thus, depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citations omitted). Since the instant Motion was filed more than twenty-eight days from the issuance of the challenged Order, it is analyzed as a motion for relief under Rule 60. *See id.*

Rule 60(b) "is an uncommon means for relief." *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012). While the scope of Rule 59(e) is unbounded, "Rule 60(b) relief may be invoked . . . only for the causes specifically stated in the rule."[1] *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2012) (alteration in original) (internal citations and quotation marks omitted). "Rule 60(b) relief will only be afforded in 'unique circumstances.'" *Edward H. Bohlin Co.,*

---

[1] Such causes are limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the challenged ruling is "void;" (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

*Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)).  The decision of whether to grant or deny a Rule 60(b) motion is within this Court's sound discretion.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2002).

## LAW AND ANALYSIS

Plaintiff does not expressly enumerate the Rule 60(b) grounds(s) upon which he seeks relief.  Even after thorough review of the Motion, such grounds are rather difficult to discern.  Nonetheless, given the numerous allegations of misconduct contained in the Motion, the Court reviews the Motion under Rule 60(b)(3).

In order to prevail, the moving party must establish by clear and convincing evidence "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (*citing Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)).  Plaintiff does not attach any documents in support of his Motion.  Rather, the Motion reads more like a complaint.  Plaintiff's barebone allegations fall woefully short of carrying his evidentiary burden.  Furthermore, Plaintiff does not allege, nor could he credibly argue, that Defendant's default materially prejudiced the presentation of his case.

3

## CONCLUSION

For the reasons previously stated, the Motion to Reconsider is DENIED.

New Orleans, Louisiana, on this 28th day of May, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE